UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Respondent, ) | |
| ) | |
| v. ) | No. 2:13-CR-27(21) |
| ) | |
| ) | |
| JASON DUNCAN, ) | |
|     Petitioner. ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's motion for a reduction of sentence, [Docs. 649, 748]. Defendant requests a reduction in sentence pursuant 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 as amended by Amendments 782 and 788 to the United States Sentencing Guidelines. The United States has responded and acknowledges the defendant is eligible for a reduction in sentence, notes the defendant's numerous disciplinary sanctions, but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 756].

The defendant was convicted of conspiring to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). The defendant was held accountable for an equivalent of 1,276.8 kilograms of marijuana, resulting in a base offense level of 32. The defendant received a two-level reduction for the safety-valve provision and a three-level reduction for acceptance of responsibility. His total offense level was 27. The defendant's criminal history category was I. At the time of his sentencing, the defendant's advisory guideline range was 70 to 87 months. The Court sentenced the defendant to a term of 78 months' imprisonment.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If he is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances. *Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 Fed. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is

permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, cmt. (n. 1(B)(ii)-(iii)). Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, cmt. n. 1(B)(ii)).

Pursuant to Amendment 782, defendant's drug quantity yields a base offense level of 30, a total offense level of 25 after the appropriate adjustments. When combined with the defendant's criminal history category of I, the defendant's amended guideline range is 57 to 71 months' imprisonment. Because the amended guideline range is below the original guideline range, the defendant is eligible for a sentence reduction. The defendant requests an amended sentence of 57 months, the bottom of the amended guideline range. The Court concludes that a reduction is appropriate in this case but not to the extent sought by the defendant.

An important factor in the Court's determination is the defendant's post-sentencing conduct. The defendant's Bureau of Prisons ("BOP") disciplinary record indicates that the defendant has been sanctioned on 6 separate occasions. One sanction was for the use of alcohol and/or drugs. The defendant's SENTRY report shows as follows:

| Incident Date | Offense | Sanction |
| --- | --- | --- |
| 06/22/2016 | Possession of Non-Hazardous Tool | 07/21/2016: Disallow 13 days of Good Credit Time; 30 days of Disciplinary Segregation; 3 months loss of Commissary; 3 months loss of Email; 6 months loss of Visits |
| According to the incident report, tobacco was found in the defendant's pocket during a pat down search. | | |
| 03/02/2016 | Use of Drugs/Alcohol | 05/10/2016: Disallow 19 days of Good Credit Time; Loss of 25 days of Non-vested Good |

3

|  |  | Credit Time; 30 days of Disciplinary Segregation, suspended for 180 days; 3 month loss of Commissary; 3 month loss of phone; 1year loss of Visits |
|---|---|---|
| Mr. Duncan tested positive for Buprenorphine and admitted guilt to the incident. | | |
| 09/23/2015 | 1) Possessing Unauthorized Item<br>2) Smoking in Unauthorized Area | 10/01/2015: Disallow 13 days of Good Credit Time; 3 months loss of Commissary; 6 months loss of Visits |
| The inmate was found to be in possession of a "battery lighter" and he smelled like smoke. He admitted to smoking. | | |
| 04/14/2015 | Possessing Unauthorized Item | 04/29/2015: 30 days of Disciplinary Segregation, suspended for 180 days; Impound personal items for 180 days; 6 months loss of Commissary |
| The inmate admitted to possessing a tattoo needle, which was found hidden in his locker. | | |
| 03/25/2015 | Possession of Non-Hazardous Tool | 04/29/2015: 30 days of Disciplinary Segregation, suspended for 180 days; Impound personal items for 180 days; 6 months loss of Commissary |
| The inmate admitted to the possession of a cup he pulled from the trash, which contained chewing tobacco. | | |
| 02/13/2015 | Possession of Non-Hazardous Tool | 02/19/2015: loss of 60 days of Phone Privileges; |
| 02/13/2015 | Possession of Unauthorized Item | 02/19/2015: loss of 60 days of Commissary; |
| The inmate stated he forgot the Fitbit was in his locker. | | |
| 11/13/2014 | Being Absent from Assignment | 11/19/2014: loss of 60 days of Commissary; |
| The inmate was found guilty based upon inmate's own admission and reporting officer's statement. | | |

The infractions are numerous. The infraction for the use of drugs is serious. Despite the number and the one serious infraction, the other infractions are not as serious as many garnered by some inmates. The Court must also look to the defendant's attempts to better himself while

4

incarcerated as part of his post-sentencing conduct. The defendant has completed 229 hours of educational courses and is a participant in the Residential Drug Abuse Program. Consideration of the 18 U.S.C. § 3553(a) factors leads to the conclusion that a reduction is appropriate but not to the extent requested by the defendant. The defendant's criminal history is not significant, and he has attempted to rehabilitate himself. However, due to the disciplinary infractions incurred and the seriousness of the crime for which he is incarcerated, the sentence will be reduced to 64 months and not the 57 months he requested. The motion, [Docs. 649, 748], is GRANTED IN PART.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
